IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery Lee Jefferson, # 285674, | ) C/A No. 0:08-3296-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Dentist Grant, of R.C.I, | ) |
| Defendant. | ) |

The plaintiff, Jeffery Lee Jefferson, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Ridgeland Correctional Institution ("RCI") in Jasper County, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims relate to dental care provided to him at RCI.

## BACKGROUND

In an order filed in this case on October 7, 2008, service of process was authorized. On January 5, 2009, the United States Marshal returned process unexecuted. In an order filed in this case on January 15, 2009, the assigned Magistrate Judge apprised Plaintiff of Rule 4(m) and directed Plaintiff to submit new Form USM-285 and summons for the defendant. On February 5, 2009, Plaintiff filed a letter objecting to the possible application of Rule 4(m) to him. Plaintiff also contended that he had good cause for failure of service.

In an order (Docket Entry 21) filed in this case on March 4, 2009, the court noted Plaintiff's objections and contentions, apprised Plaintiff of Federal Rule of Civil Procedure 4(m), and asked Plaintiff to submit a new summons and Form USM-285.

*PJG*

Plaintiff did so. Hence, in an order filed in this case on April 8, 2009, the court again authorized service of process.

On August 26, 2009, the summons was returned unexecuted by the United States Marshals Service. (See Docket Entry 30) (indicating that the "subject was terminated from SCDC," and that, since there were other "Grants" in the Ridgeland area, Plaintiff needed to provide a first name or other identifiers).

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule further states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff was apprised of this Rule by order filed January 15, 2009 (Docket Entry 16) and reminded of it by order filed March 4, 2009 (Docket Entry 21). The court's records show that the United States Marshals Service has attempted to serve the Defendant on numerous occasions and has made reasonable efforts to effect service on the unidentified "Dentist Grant." Further, despite his many opportunities, Plaintiff has failed to provide sufficient information about the defendant to enable the United States Marshals Service to effect service of process in this case. Plaintiff appears to have provided all the information he has regarding the unidentified defendant, who is the sole named defendant in this case. Plaintiff has failed to demonstrate good cause for the failure to provide identifying information and there is no

PJG

indication on this record that providing the Plaintiff additional time would result in the receipt of identifying information relating to the defendant.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed *without prejudice* under Fed. R. Civ. P. 4(m) for failure of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 9, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).